UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 9166

------------------------------------------------------------x

Manuel Mora,

                          Plaintiff,

-against-

The City Of New York, Correction Officer Reyes Shield #2407, Correction Officer Elessa Shield #9801, Correction Officer Augustus Shield #11100, John Doe #1-6,

                          Defendants,

------------------------------------------------------------x

COMPLAINT AND JURY DEMAND

DOCKET #



RECEIVED
NOV 18 2014
U.S.D.C. S.D. N.Y.

PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights under the Fourth, Eighth and Fourteenth Amendments secured by 42 U.S.C. §1983, and the laws and Constitution of the State of New York.

2. The claim arises from an October 17, 2012 incident in which Officers of the New York City Department of Correction ("DOC") assaulted plaintiff causing serious physical injuries.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

JURISDICTION AND VENUE

4. This action is brought pursuant to 28 USC §1331 and 42 USC §1983 and §1988. Pendent party jurisdiction is asserted.

5. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

PARTIES

6. Plaintiff, Manuel Mora, on the date of the incident, was in the custody of the DOC at Riker's Island, in the jurisdiction of the County of the Bronx, State of New York at the Anna M. Kross Center ("AMKC"). During the time of his incarceration plaintiff was erroneously listed under the name "Manuel Moro."

7. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Department of Correction (or "DOC"), was responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all DOC personnel. In addition, senior officials in the Department are aware of and tolerate certain practices by subordinate employees in the jails, regardless of whether they are acting according to written policy. These practices, which are wide-spread, long-tolerated and uncorrected are deeply embedded in the DOC culture and therefore constitute unwritten policies or customs. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the DOC, and for ensuring that the DOC personnel obey the laws of the United States and the State of New York.

8. Correction Officer Reyes Shield #2407, Correction Officer Elessa Shield #9801, and Correction Officer Augustus Shield #11100 were employees of the DOC on the date of the incident and were acting in the capacity of agent, servant and employee of defendant City, within the scope of their employment, and as such acting under color of state law. On information and belief, defendants Reyes, Elessa and Augustus worked at AMKC at the time of the incident alleged in this complaint, and participated in and/or witnessed and/or failed to intervene in the assault of plaintiff, and are sued in their individual capacities.

9. All other individual defendants ("the officers"), including John Doe #1-6, individuals whose names are currently unknown to plaintiff, are employees of the NYPD, and are sued in their individual capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. In October of 2012 plaintiff was in DOC custody at AMKC, a facility on Riker's Island.

12. On the morning of October 17, 2012 was scheduled to be transported to court in Queens New York for a court appearance.

13. Plaintiff and a large number of other prisoners reported to a holding area to await the bus to court.

14. Plaintiff and the other men were directed into one of several holding "pens" to wait for the bus to court.

15. The holding pen was overly crowded with prisoners, and plaintiff could not reasonably fit in the pen.

16. Defendant correction officers approached plaintiff and another prisoner and ordered the two of them to get into the pen.

17. Plaintiff explained that there was not enough room in the holding pen.

18. Defendants physically grabbed plaintiff, and threw him onto a nearby table.

19. As plaintiff attempted to get up from the table, defendants punched plaintiff in the face.

20. Defendants assaulted plaintiff, using unnecessary and excessive force against him.

21. Plaintiff was taken to Jamaica Hospital, where he was diagnosed with a nasal fracture, multiple chipped/broken teeth, multiple contusions, and a strained neck. Plaintiff was later diagnosed with vision problems in his left eye as a result of the assault.

22. At no time did plaintiff assault or attempt to assault any officer, nor did he present any threat or perceived threat to the personal safety of any officer or to the security of the jail so as to warrant the assault.

23. At all times during the events described above, the correction officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

24. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

25. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of right to be free from the use of excessive force under the Fourth Amendment to the United States Constitution.

   b. Violation of his right to due process of law under the Fourteenth Amendment to the United States Constitution;

   c. Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

   d. Physical pain and suffering;

e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, fright, horror, grief, shame, depression, loss of sleep, and increased levels of anxiety.

## FIRST CAUSE OF ACTION
42 U.S.C. §1983 – Excessive Force and Due Process

26. The above paragraphs are here incorporated by reference.

27. By using excessive force against plaintiff without provocation and with no penological purpose, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

28. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory right to due process of law pursuant to the Fourth, Eighth and Fourteenth Amendment to the United States Constitution by assaulting plaintiff and fabricating false statements against him for the purpose of covering up their unconstitutional conduct, which caused plaintiff to be charged with disciplinary infractions. Defendants are liable to plaintiff under 42 U.S.C. §1983.

29. In addition, the officer defendants conspired amongst themselves to deprive plaintiff of his constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth above.

30. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as DOC officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without

authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

31. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## SECOND CAUSE OF ACTION
## (MUNICIPAL LIABILITY)

32. The above paragraphs are here incorporated by reference.

33. The City of New York is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

34. The aforesaid event was not an isolated incident. The City of New York has been aware for some time (from lawsuits, notices of claim, inmate complaints, internal investigations, etc.) that many of their officers are insufficiently trained on how to avoid excessive use of force. The City of New York insufficiently disciplines officers for not reporting fellow officers' misconduct that they have observed, and it fails to discipline officers for making false statements to disciplinary agencies.

35. The investigatory body responsible for monitoring officer behavior, the Inspector General's office, also wrongfully allows officers to write their own reports, rather than interviewing officers individually, although inmates are only interviewed individually. In addition, the Inspector General routinely fails to investigate claims of violence or abuse when the person suffering does not initiate the claim. The City of New York is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, defendants have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil and constitutional rights, without fear of

reprisal.

36. The City of New York knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City of New York failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

37. The City of New York has failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

38. The City of New York, despite an increase in the amount of lawsuits filed, the amounts paid out in settlement and the amounts spent on litigation costs, fail to review litigation stemming from misconduct by correction officers for patterns, practices and personnel which are likely to cause citizens' constitutional violations. By ignoring these patterns, practices and personnel which are the sources of constitutional violations, the City is liable under municipal liability.

39. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

40. The City of New York has damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving officer misconduct.

41. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City of New York.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: November 12, 2014
Brooklyn, New York

TO: Corporation Counsel
City of New York
100 Church Street, 4th Floor
New York, NY 10007

Correction Officer Reyes Shield #2407
Anna M. Kross Center (AMKC)
18-18 Hazen Street
East Elmhurst, NY 11370

Correction Officer Elessa Shield #9801
Anna M. Kross Center (AMKC)
18-18 Hazen Street
East Elmhurst, NY 11370

Correction Officer Augustus Shield #11100
Anna M. Kross Center (AMKC)
18-18 Hazen Street
East Elmhurst, NY 11370

Respectfully yours,

*/s/ Nicholas Mindicino*

By: Nicholas Mindicino, Esq.
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Avenue 3rd Floor
Brooklyn, NY 11217
(718) 852-3710
(718) 852-3586
NMindicino@stollglickman.com